# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA LOUISE GONZALES, </br></br> Plaintiff, </br></br> v. </br></br> MICHAEL J. ASTRUE, Commissioner of Social Security, </br></br> Defendants. | 1:10-cv-01818 GSA </br></br> **ORDER DISMISSING ACTION FOR PLAINTIFF'S FAILURE TO FOLLOW COURT ORDERS** |

On October 1, 2010, Plaintiff Diana Louise Gonzales filed the present action, seeking a review of the Commissioner's denial of Social Security benefits.  Following the lodging of the administrative record by the Commissioner on August 19, 2011, Plaintiff was to file an opening brief with this Court on or before November 22, 2011.  However, Plaintiff failed to do so.

Thereafter, on November 29, 2011, this Court issued an Order to Show Cause Regarding Plaintiff's Failure to File an Opening Brief as a result of her non-compliance with this Court's previous orders.  Plaintiff was advised that she needed to respond to the Order to Show Cause within thirty (30) days.  Over thirty (30) days have passed, and Plaintiff has failed to respond to the Order to Show Cause.

**DISCUSSION**

Local Rule 110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Ninth Circuit Court of Appeals has held that "[d]istrict courts have the inherent power to control their dockets and in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal because this case has been pending in this Court since October 1, 2010, and it does not appear that Plaintiff is going to file an opening brief. The third factor, risk of prejudice to defendants, also weighs in

1  favor of dismissal because a presumption of injury arises from any unreasonable delay in
2  prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
3  factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the
4  factors in favor of dismissal.  Finally, a court's warning to a party that her failure to obey the
5  court's order will result in dismissal satisfies the "consideration of alternatives" requirement.
6  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's
7  Order to Show Cause issued on November 29, 2011, clearly stated that the case could be
8  dismissed if Plaintiff failed to respond to the Order to Show Cause.[1]

## ORDER

10  Accordingly, this Court orders that this action be DISMISSED for Plaintiff's failure to
11  comply with a court order.  The Clerk of the Court is directed to close this action.  This action
12  terminates this case in its entirety.

15  IT IS SO ORDERED.

16  Dated:   **January 4, 2012**              /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] That Order also referenced a previous occasion wherein Plaintiff failed to follow a court order, requiring the issuance of a prior Order to Show Cause.  (*See* Doc. 19, n. 1.)  Notably too, Plaintiff failed to file the Consent to Assignment or Request for Reassignment form as originally directed; the Court was required to issue a separate order directing her to do so.  (*See* Doc. 13.)

3